UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23054

SIRGAE JEWELL,
individually and on behalf of all
those similarly situated,

Plaintiff,

CLASS ACTION

v.

ROADWAY INC. D/B/A ROADWAY
TRANSPORT, ROADWAY TOWING &
RECOVERY, ROADWAY TOWING &
TRANSPORTATION, SAFELOCKS,
GUSTAVO LOVATO and
ADRIANA LOVATO,

Defendants.
_____/

# COLLECTIVE CLASS ACTION COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiff SIRGAE JEWELL ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ROADWAY INC. D/B/A ROADWAY TRANSPORT, ROADWAY TOWING & RECOVERY, ROADWAY TOWING & TRANSPORTATION, SAFELOCKS ("Roadway Towing"), GUSTAVO LOVATO and ADRIANA LOVATO, for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216 (b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendant in Miami-Dade County, Florida, and the actions giving rise to these claims arose in Miami-Dade County, Florida.

6. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

7. Plaintiff brings this action on behalf of himself and similarly-situated current and former employees of Roadway Towing to whom Roadway Towing failed to pay overtime premiums in violation of FLSA.

8. At all times material hereto, Roadway Towing was, and continues to be, a business operating in Miami-Dade County, Florida, at which Plaintiff works.

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Roadway Towing within the meaning of the FLSA.

11. At all times material hereto, Roadway Towing was an "employer" within the meaning of the FLSA.

12. At all times material hereto, Gustavo Lovato was, and continues to be, an "employer" within the meaning of the FLSA. Gustavo Lovato is a resident of Miami-Dade County, Florida and as such, is subject to the jurisdiction of this Court.

13. At all times material hereto, Adriana Lovato was, and continues to be, an "employer" within the meaning of the FLSA. Adriana Lovato is a resident of Miami-Dade County, Florida and as such, is subject to the jurisdiction of this Court.

14. At all times material hereto, Roadway Towing was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Roadway Towing was in excess of $500,000.00 per annum, or the prorated amount for same during the time Roadway Towing has been open for business, during the relevant time periods.

16. At all times relevant hereto, Roadway Towing was primarily engaged in providing towing services in, among others, Miami-Dade County, Florida.

17. At all times relevant hereto, Roadway Towing had more than two employees.

18. At all times material hereto, Roadway Towing had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA.

20. At all times hereto, Plaintiff was engaged in providing services in commerce, and subject to the individual coverage of the FLSA.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Roadway Towing.

## STATEMENT OF FACTS

22. Plaintiff has worked for Roadway Towing as a non-exempt hourly laborer from December 2019 until July 2020.

23. Throughout his entire employment with Roadway Towing, Plaintiff has been paid, on average, an effective hourly rate of $20 per hour, by Roadway Towing.

24. Throughout his entire employment with Roadway Towing, Plaintiff has been paid straight-time but never overtime despite the fact that, during his entire employment, Plaintiff has regularly worked in excess of forty (40) hours per week for Defendant Roadway Towing.

25. Plaintiff estimates that he regularly worked between forty-one (41) and seventy-five (75) total hours per week.

26. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

27. Roadway Towing violated Title 29 U.S.C. § 207 in that: (i) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant; (ii) no payments or provisions for payment have been made by Roadway Towing to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and (iii) Roadway Towing failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff estimates his FLSA damages to be $10,240.

29. Prior to the filing of this lawsuit, Roadway Towing did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

30. Prior to the filing of this lawsuit, Roadway Towing did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

31. Prior to the filing of this lawsuit, Roadway Towing did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

32. Based on the allegations above, Plaintiff is entitled to liquidated damages as Roadway Towing has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

33. Plaintiff has retained the law firm of Levine Kellogg Lehman Schneider + Grossman LLP and Law Offices of Rafael E. Andrade, P.A., to represent him in the litigation and has agreed to pay the firms a reasonable fee for their services.

### **ADDITIONAL FACTS RELATING TO COLLECTIVE ACTION**

34. Roadway Towing's business is a centralized, top-down operation whereby companywide policies, including those affecting compensation, are formulated at its headquarters in Miami, Florida and then disseminated companywide to its locations throughout all its locations in Miami-Dade County, Florida.

35. Each of Roadway Towing's locations have laborers who are and were similarly situated to Plaintiff and who perform towing services similar if not identical to those performed by Plaintiff. Moreover, the functions do not vary from location to location within the company. As a result, all of Roadway Towing's laborers frequently worked in excess of forty (40) hours per week, as Plaintiff did.

36. Given Roadway Towing's companywide policy of willfully refusing to pay laborers for overtime, Plaintiff brings this claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who have worked for Roadway Towing as laborers between July 15, 2017 and July 15, 2020, who did not receive compensation

for earned overtime wages pursuant to Roadway Towing's county-wide policy, and who elect to opt-in to this action (the "FLSA Collective").

37. Roadway Towing's companywide policy was implemented to minimize labor costs.

38. Roadway Towing's unlawful conduct has been widespread, repeated, and consistent.

39. Defendant Roadway Towing knew that Plaintiff and the FLSA Collective are nonexempt employees under the FLSA.

40. Defendant Roadway Towing knew that Plaintiff and the FLSA Collective were not being properly compensated for earned overtime wages. As part of its regular business practice, Defendant Roadway Towing intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and practice includes, but is not limited to:

  i. willfully failing to record all the time that Plaintiff and the similarly situated employees have worked for the benefit of Roadway Towing; and

  ii. willfully failing to pay Plaintiff and the FLSA Collective overtime wages for hours that they worked in excess of forty (40) hours per week.

41. The similarly situated employees are known to Roadway Towing, are readily identifiable, and can be located through discovery of Roadway Towing employment records.

42. These similarly situated employees will benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit, pursuant to 29 U.S.C. § 216(b).

## COUNT I
## **VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1

through 42 of this complaint as if set out in full herein.

44. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

45. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

46. Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

47. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-halftimes Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

48. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant(s):

a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief, the Court deems just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION
## against GUSTAVO LOVATO

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 42 of this complaint as if set out in full herein.

51. At the times mentioned, Defendant GUSTAVO LOVATO was, and is now, a corporate officer of corporate Defendant Roadway Towing.

52. Defendant GUSTAVO LOVATO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant Roadway Towing in relation to the employees of Defendant Roadway Towing, including Plaintiff.

53. As a corporate officer, Defendant GUSTAVO LOVATO possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff damages.

54. Defendant GUSTAVO LOVATO willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant

Roadway Towing as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest;

c. Award Plaintiff an equal amount in double damages/liquidated damages;

d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## **VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**
## **against ADRIANA LOVATO**

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 42 of this complaint as if set out in full herein.

56. At the times mentioned, Defendant ADRIANA LOVATO was, and is now, a corporate officer of corporate Defendant Roadway Towing.

57. Defendant ADRIANA LOVATO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant Roadway Towing in relation to the employees of Defendant Roadway Towing, including Plaintiff.

58. As a corporate officer, Defendant ADRIANA LOVATO possessed the authority to

make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff damages.

59. Defendant ADRIANA LOVATO willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant Roadway Towing as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest;

c. Award Plaintiff an equal amount in double damages/liquidated damages;

d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
**COLLECTIVE ACTION**
**Unpaid Earned Overtime Wages in Violation of FLSA, 29 U.S.C. § 207(a)**
**(On behalf of Plaintiff and others similarly situated)**

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 42 of this complaint as if set out in full herein.

61. Defendant Roadway Towing has willfully and intentionally engaged in a widespread and companywide pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and members of the FLSA Collective the time-and-a-half hourly wage compensation for overtime hours worked as required by law and in accordance with §§ 206 and 207 of the FLSA.

62. Defendant Roadway Towing has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the Collective Action. For example, Defendant Roadway Towing violated FLSA as described above.

63. As a result of Defendant Roadway Towing's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with §§ 206 and 207 of the FLSA.

## **PRAYER FOR RELIEF**

64. Plaintiff and the members of the FLSA Collective pray for the following relief:

a. that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendant Roadway Towing as a laborer. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wage;

b. unpaid overtime under the FLSA;

c. liquidated damages as permitted by law under the FLSA;

    d. appropriate equitable and injunctive relief to remedy Defendant Roadway Towing's violations, including but not necessarily limited to an order enjoining Defendant Roadway Towing from continuing its unlawful practices;

    e. pre-judgment and post-judgment interest, as provided by law;

    f. attorneys' fees and costs of suit, including expert fees; and

    g. such other injunctive and equitable relief as this Court may deem just and proper.

**COUNT V**
**VIOLATION OF 26 U.S.C. § 7434**
**against ALL DEFENDANTS BY PLAINTIFF**

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 42 of this complaint as if set out in full herein.

66. Defendants had an obligation to properly file correction information returns to the IRS.

67. Defendants filed or caused to be filed one or more knowingly false 1099's on Plaintiff in an effort to avoid responsibility for paying income tax and social security withholdings to the IRS during each year of Plaintiff's employment with Defendants.

68. Defendants also filed or caused to be filed or more knowingly false IRS Form 941 quarterly tax returns during each year of Plaintiff's employment with Defendants.

69. Defendants provided paychecks to Plaintiff and are directly responsible for the issuance of paychecks to Plaintiff, the payment of taxes to the IRS and the filing of information returns on their own behalf.

70. 26 U.S.C. § 7434 provides, in pertinent part, as follows: "In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual

damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees."

**WHEREFORE,** Plaintiff demands the entry of a judgment in his favor and against all Defendants, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for fraudulent information return Defendants each year during the past six (6) years or the damages proximately caused by Defendants' conduct for each year during the past six (6) years; and

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. § 7434; and

c. Such other and further relief as the Court deems just and proper.

## COUNT VI
## VIOLATION OF 26 U.S.C. § 7434
## against ALL DEFENDANTS BY THE COLLECTIVE

71. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 42 of this complaint as if set out in full herein.

72. Defendants had an obligation to properly file correction information returns to the IRS.

73. Defendants filed or caused to be filed one or more knowingly false 1099's on all members of the FLSA Collective in an effort to avoid responsibility for paying income tax and social security withholdings to the IRS during each year of members of the FLSA Collective's employment with Defendants.

74. Defendants also filed or caused to be filed or ore more knowingly false IRS Form 941 quarterly tax returns during each year of employment by each member of the FLSA Collective.

75. Defendants provided paychecks to each member of the FLSA Collective and are directly responsible for the issuance of paychecks to each member, the payment of taxes to the IRS and the filing of information returns on their own behalf.

76. 26 U.S.C. § 7434 provides, in pertinent part, as follows: "In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees."

**WHEREFORE,** Plaintiff, individually, and on behalf of each member of the FLSA Collective demands the entry of a judgment in his favor and against all Defendants, after trial by jury and as follows:

a. That each member of the FLSA Collective recover the greater of $5,000 for fraudulent information return Defendants each year during the past six (6) years or the damages proximately caused by Defendants' conduct for each year during the past six (6) years; and

b. That each member of the FLSA Collective recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. § 7434; and

c. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by a jury of his peers on all issues so triable.

Dated: July 23, 2020

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for Plaintiff*
201 South Biscayne Blvd. 22nd Floor
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789

By: */s/ Jason K. Kellogg*
Jason K. Kellogg, P.A.
Florida Bar No. 578401
Primary: jk@lklsg.com
Secondary: ah@lklsg.com
Tal Aburos, Esq.
Florida Bar No. 1010901
Primary: ta@lklsg.com

**LAW OFFICES OF RAFAEL E. ANDRADE, P.A.**
*Counsel for Plaintiff*
1688 Meridian Avenue, 7th Floor
Miami Beach, Florida 33139
Phone: (305) 531-9511

By: */s/ Rafael E. Andrade*
Rafael E. Andrade, Esq.
Fla. Bar No.: 83341
E-mail: ralph@randradelaw.com